Ruperto GUTIERREZ–MORALES,
Petitioner,

v.

John ASHCROFT, U.S. Attorney
General, Respondent.

No. 03–60655.
SUMMARY CALENDAR

United States Court of Appeals,
Fifth Circuit.

April 26, 2004.

William Jay Munter, San Antonio, TX, for Petitioner.

David V. Bernal, Thomas Ward Hussey, Director, US Department of Justice, Office of Immigration Litigation, John Ashcroft, Barry Joseph Pettinato, US Department of Justice, Department of Homeland Security, Washington, DC, Kenneth L. Pasquarell, Acting District Director, US Immigration & Naturalization Service, District Directors Office, San Antonio, TX, Caryl G. Thompson, US Immigration & Naturalization Service, District Directors Office, New Orleans, LA, for Respondent.

Before REYNALDO G. GARZA, DAVIS, and BARKSDALE, Circuit Judges.

PER CURIAM.[1]

In this appeal, we review the Board of Immigration Appeals' decision denying Ruperto Gutierrez–Morales' motion to reopen his removal proceedings and refusing to accept his untimely application for cancellation of removal.

Gutierrez–Morales argues that the Immigration Judge violated his due process rights by refusing to accept his untimely application for cancellation of

---

1. Pursuant to 5th Cir. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

removal and by denying his motion to reopen. Gutierrez–Morales also argues that the arrest which prompted his removal was illegal.

Gutierrez–Morales waived the opportunity to submit his application for cancellation of removal when he missed the imposed filing deadline. 8 C.F.R. § 3.31(c) (2003). His motion to reopen was properly denied because he was informed of his right to apply for cancellation of removal, and he was provided an opportunity to do so. 8 C.F.R. § 3.23(b)(3) (2002). Thus, the Immigration Judge did not violate Gutierrez–Morales' due process rights.

Gutierrez–Morales' challenge to his arrest does not warrant relief because even if he could demonstrate that his arrest was illegal, it would have no bearing on the validity of his subsequent removal. *I.N.S. v. Lopez–Mendoza*, 468 U.S. 1032, 1040, 104 S.Ct. 3479, 82 L.Ed.2d 778 (1984).

Gutierrez–Morales' petition for review is therefore denied.